1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TANYA LEIGH FROOM, | CASE NO. 12-CV-276 JLS (POR) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |
| vs. | (ECF No. 3) |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

Presently before the Court is Plaintiff Tanya Leigh Froom's motion for leave to proceed *in forma pauperis* ("IFP"). (IFP Mot., ECF No. 3) Plaintiff's complaint alleges that Plaintiff is disabled as defined in the Social Security Act and requests this Court overturn or remand for reconsideration the Commissioner's decision to deny disability benefits to Plaintiff. (Compl., ECF No. 1) Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a), but instead filed this motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

//

//

## MOTION TO PROCEED IFP

A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff states she is not employed and receives income only in the form of food stamps and child support payments each month. (IFP Mot. 2.) Plaintiff has no assets and significant debt, and cares for her two children. (IFP Mot. 2-3.) Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

As amended by the PLRA, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

1    Here, Plaintiff's complaint alleges that Plaintiff is disabled as defined in the Social Security
2  Act and seeks judicial review by this Court of the Commissioner's decision to deny her disability
3  benefits. (Compl. 1.) The Court finds that Plaintiff's claims are sufficiently pleaded to survive the
4  sua sponte screening required by 28 U.S.C. § 1915(e)(2). *See, e.g., Rhett v. Disman*, 228 Fed.
5  Appx. 225 (3d Cir. 2007) (holding that a request for review of denial of social security benefits
6  would survive a 28 U.S.C. § 1915(e)(2) screening). Therefore, Plaintiff is entitled to U.S. Marshal
7  service on her behalf. *Lopez*, 203 F.3d at 1126 –27 ("The officers of the court shall issue and
8  serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may
9  order that service be made by a United States marshal or deputy marshal ... if the plaintiff is
10 authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned,
11 however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a
12 substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."
13 *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

14                                    **CONCLUSION**

15    For reasons stated above, the Court **GRANTS** Plaintiff's motion to proceed IFP pusuant to
16 28 U.S.C. § 1915(a). The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1)
17 upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In
18 addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of
19 her Complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to
20 complete the forms as completely and accurately as possible, and to return them to the
21 U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying her
22 IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons
23 upon Defendant as directed by Plaintiff on the forms. All costs of service shall be advanced by the
24 United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

25    Defendant shall reply to the complaint within the time provided by the applicable
26 provisions of Federal Rule of Civil Procedure 12(a). Plaintiff shall serve upon Defendant or, if
27 appearance has been entered by counsel, upon Defendant's counsel, a copy of every further
28 pleading or other document submitted for consideration of the Court. Plaintiff shall include with

1 the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a
2 true and correct copy of any document was served on the Defendant or counsel of Defendant and
3 the date of service.  Any paper received by a district judge or magistrate judge which has not been
4 filed with the Clerk or which fails to include a Certificate of Service may be disregarded.
5 **IT IS SO ORDERED.**

7 DATED:  June 14, 2012

8 _Janis L. Sammartino_
Honorable Janis L. Sammartino
9 United States District Judge